IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN ANTHONY LLOYD, | : | CIVIL NO. 3:CV-04-1767 |
| Petitioner, | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MR. R. SHANNON, THE DISTRICT | : | |
| ATTORNEY - COUNTY OF | : | |
| SCHUYLKILL, THE ATTORNEY | : | |
| GENERAL OF THE STATE OF | : | |
| PENNSYLVANIA, | : | |
| Respondents | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

**MEMORANDUM**

Petitioner, John Anthony Lloyd ("Lloyd"), filed this *pro se* petition under 28 U.S.C. § 2254, challenging the revocation of his parole. (Doc. 1). Lloyd argues that the Pennsylvania Board of Probation and Parole ("the Board") improperly revoked his parole revocation in violation of the doctrines of judicial and equitable estoppel. He claims that the Board denied him due process in failing to give him proper notice of the conduct that would result in a parole violation, and also in failing to notify him of the aggregation of the technical parole violator sentences. He also seeks relief on the grounds that the special parole conditions set by the Board violate his right to free speech and association. Lastly, he alleges that the Commonwealth Court erred in utilizing the harmless error standard and allowing repeated hearsay testimony.

The petition is presently ripe for disposition. For the reasons set forth below, the claims that the Board violated his right to free speech and association will be dismissed as they are not properly pursued in a habeas petition. The remainder of the petition will be dismissed.

I. Background.

Following convictions in the Court of Common Pleas of Philadelphia County, Pennsylvania, for two counts of rape and one count of involuntary deviate sexual intercourse, on February 24, 1990, Lloyd was sentenced to a term of six to twenty years of incarceration. (Doc. 20, Ex. A). The effective date of the sentence was May 1, 1990, resulting in a minimum date of May 1, 1996, and a maximum date of May 1, 2010.

Lloyd was granted parole on July 12, 2002. (Doc. 20, Ex. G). However, a short time later, on January 27, 2003, he was arrested for violating his conditions of parole. (Doc. 20, Ex. H). A revocation hearing was held on March 25, 2003, at which time Lloyd was ordered recommitted to serve eighteen months back time for multiple technical parole violations. (Doc. 20, Ex. I). He would be reviewed for parole on or about July 2004.

Lloyd sought administrative review of the Board's revocation decision *via* an administrative appeal. (Doc. 20, Ex. J). The appeal was denied. (Doc. 20, Ex. K). On June 11, 2003, he filed a Petition for Review with the Pennsylvania Commonwealth Court. On March 26, 2004, the Commonwealth Court affirmed the revocation of parole. (Doc. 20, Ex. L). On April 7, 2004, Lloyd filed a Notice of Appeal in the Pennsylvania Supreme Court. (Doc. 20, Ex. M). According to Lloyd, the appeal sat idly until he filed the present petition. On October 6, 2004, Lloyd was notified that the appeal was "marked closed due to failure to perfect. See Pa.R.A.P. 3115909, 1101, 1115." (Doc. 22, Ex. B).

Other court action taken by Lloyd includes an application with the Board for accelerated parole review, which was denied. (Doc. 20, Ex. N). Lloyd appealed this denial to the

Commonwealth Court. (Doc. 20, Ex. O). The outcome of this petition is unclear from the record. He also filed a petition for writ of habeas corpus in the United States District Court for the Eastern District of Pennsylvania claiming the denial of his request for accelerated parole was unconstitutional. The habeas petition was denied. (Doc. 20, Exs. P,Q,R.).

Lloyd then filed the present petition.

II. Discussion.

A petition pursuant to 28 U.S.C. § 2254 is the proper statutory section to invoke when challenging a parole decision. However, claims are limited to those instances when the petitioner "challenge[s] the very fact or duration of the confinement itself." *Leamer v. Fauver*, 288 F.3d 532 (3d Cir. 2002); *See Coady v. Vaughn*, 251 F.3d 480 (3d Cir. 2001). Claims that do not challenge the very fact or duration of the confinement itself, such as Lloyd's First Amendment claims, are inappropriately raised by way of a habeas corpus petition. Instead, these claims relate to the conditions of his confinement which may be raised by way of a civil rights action. *Id.* at 541. Thus, Lloyd's First Amendment claims will be dismissed from this habeas corpus action.

The remaining claims are properly before the court. The Respondent contends that these claims are subject to dismissal based on Lloyd's failure to exhaust state court remedies. (Doc. 19, p. 4). The Court agrees. All claims that a petitioner in state custody attempts to present to a federal court for habeas corpus review must have been fairly presented to each level of the state courts. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999) ("we ask

3

not only whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts."(emphasis in original)). The burden of establishing that such claims were fairly presented falls upon the petitioner. *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997). Federal courts will dismiss, without prejudice, claims that have not been properly presented to the state courts, allowing petitioners to exhaust claims. Petitioners who have not fairly presented their claims to the highest state court have failed to exhaust those claims. *O'Sullivan*, 526 U.S. at 842-45. If, however, state procedural rules bar a petitioner from seeking further relief in state courts, "the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. § 2254(b)." *McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir.1999). Even so, this does not mean that a federal court may, without more, proceed to the merits. Rather, claims deemed exhausted because of a state procedural bar are procedurally defaulted, and federal courts may not consider their merits unless the petitioner can establish "cause"or a "fundamental miscarriage of justice" to excuse the default. *Id.*; See also, *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

When considering exhaustion in the context of a parole violator, as is the case here, petitioner must first challenge the Board's decision by filing an administrative appeal. See 37 Pa. Code §73.1(b)(1). The administrative appeal must be followed by an appeal to the Pennsylvania Commonwealth Court, and then, if dissatisfied with the result, a petition to the Pennsylvania Supreme Court for allowance of appeal. See *McMahon v. Pennsylvania Board of*

*Probation & Parole*, 504 Pa. 240, 470 A.2d 1337 (1983); *Evans v. Pennsylvania Dep't of Corr.*, 713 A.2d 741 (Pa. Commw. 1998); *St. Clair v. Pennsylvania Board of Probation & Parole*, 493 A.2d 146 (Pa. Commw. 1985).

Lloyd has not exhausted his claims in that he failed to fairly present his claims to the highest state court by neglecting to perfect his appeal. *O'Sullivan*, 526 U.S. at 842-45. Since state procedural rules now bar him from seeking further relief in state courts, the exhaustion requirement is satisfied.[1] Nonetheless, the merits of Lloyd's claims cannot be considered unless he establishes "cause" or a "fundamental miscarriage of justice" to excuse the default. *Id.*

To establish cause, Lloyd must demonstrate "an external factor prevented compliance with the procedural rule at issue." *Werts v. Vaughn*, 228 F.3d 178, 192-93 (3d Cir. 2000). He states that he filed a timely notice of appeal which, to his knowledge, was "properly filed and docketed and awaiting a briefing date." (Doc. 22, p. 3). This misunderstanding concerning the rules governing his appeal is neither reasonable, in light of the applicable appellate rules, nor the result of external factors and does not constitute "cause" to excuse his procedural default.

As concerns a fundamental miscarriage of justice, such may be found only in the exceptional case "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986). "Actual innocence means 'factual innocence, not mere legal insufficiency.'" *Sweger v. Chesney*, 294 F.3d 506, 523

---

[1] Other remedies, including a state petition for writ of mandamus or for writ of habeas corpus, are not available as means to challenge the Board's decision. *See St. Clair*, 493 A.2d at 151.

5

(3d Cir. 2002). Lloyd has not set forth any facts that would suggest actual innocence on his part. Accordingly, he cannot satisfy the "fundamental miscarriage of justice" exception to the procedural default doctrine. The petition for writ of habeas corpus will be dismissed.

An appropriate order will issue.

Dated: April 28, 2005

BY THE COURT:

_____
JUDGE JAMES M. MUNLEY
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN ANTHONY LLOYD,<br>    Petitioner,<br><br>v.<br><br>MR. R. SHANNON, THE DISTRICT ATTORNEY - COUNTY OF SCHUYLKILL, THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA,<br>    Respondents | CIVIL NO. 3:CV-04-1767<br><br>(Judge Munley) |

## ORDER

AND NOW, to wit, this 28 day of April 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED with respect to the First Amendment claims;

2. The petition for writ of habeas corpus (Docs. 1) is DISMISSED in all other respects;

3. There is no basis for the issuance of a certificate of appealabilty;

4. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court